IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALICE KAY GENTRY, b/n/f<br>JOSEPH AARON BALL, a minor, | )<br>)<br>) | |
| Plaintiff | )<br>) | |
| v. | )<br>) | No. 3:05-cv-213 |
| CAMPBELL COUNTY BOARD<br>OF EDUCATION, | )<br>) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**

This matter is presently before the court on the following filings by plaintiff:

1. Motion requesting partial nonsuit [Doc. 6]; and

2. Objection to removal of cause to federal court [Doc. 7].

There has been no timely response by defendant to either of these filings by plaintiff. *See* E.D.TN. LR 7.1(a). Thus, this matter is now ripe for adjudication.[1]

### *Motion Requesting Partial Nonsuit*

In this motion, plaintiff seeks dismissal of all claims set forth in paragraphs 11 and 12 of the complaint which allege a denial of services by defendant under § 504 of the

---

[1]The court also deems defendant's failure to respond to these matters as a waiver of any opposition to the relief sought. E.D.TN. LR 7.2. However, as will become apparent, defendant's failure to respond to these filings was most likely by calculation as opposed to oversight.

Americans with Disabilities Act (ADA). Although plaintiff couches her motion in terms of a "partial non-suit," a term commonly employed in state court pleadings, it appears that the plaintiff is actually seeking leave to amend her complaint to delete all ADA allegations from this cause of action. Fed.R.Civ.P. 15(a) requires the district court to grant leave to amend "freely ... when justice so requires." It is also well settled that the plaintiff in a non-diversity action, such as this, is the master of her complaint and she should be allowed to shape the contours of this litigation as she sees fit. *See, e.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-94 (1987).

Against this legal backdrop, and in view of the fact that defendant has voiced no opposition to this amendment, plaintiff will be granted leave to amend her complaint whereby all claims set forth in paragraphs 11 and 12 of the complaint will be dismissed; consequently, any cause of action pursuant to the ADA will be dismissed without prejudice.

### *Objection to Removal of Cause to Federal Court*

Obviously, the thrust of plaintiff's motion requesting partial nonsuit, *i.e.*, her motion to amend, is a transparent attempt to divest this court of jurisdiction after the case was properly removed by defendant. It is, of course, well settled that plaintiff may not do so. *See, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (A plaintiff may not take action to defeat federal jurisdiction and force remand after the case has been properly removed.). Thus, while plaintiff cannot unilaterally divest this court of jurisdiction, that is not the end of the court's analysis.

The real issue at this point is whether this court should retain supplemental jurisdiction over plaintiff's remaining state law case after the dismissal or withdrawal of all federal claims. In that regard, the applicable statute provides as follows:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In this case, the court, having allowed plaintiff to amend her complaint, has in effect dismissed all claims over which it had original jurisdiction. As a result, the only claim which remains is defendant's purported negligence in failing to protect plaintiff's grandson from an attack by another student while at the Jacksboro Middle School. It is hardly the type of case for resolution in federal court (absent any diversity of citizenship).

Therefore, this court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Additionally, the court observes that it has the authority to remand rather than

3

dismiss those claims. *Long v. Bando Mfg. of Am., Inc.*, 2001 F.3d 754, 761 (6th Cir. 2000). Given the fact that this case was originally filed in the Circuit Court for Campbell County, Tennessee, at Jacksboro, the court is of the opinion that a remand, rather than a dismissal without prejudice, is appropriate.

Order accordingly.

                                      *s/ James H. Jarvis*
                                UNITED STATES DISTRICT JUDGE